UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DANA GONZALEZ,<br><br>              Plaintiff,<br>     v.<br><br>PHIL A. ORLANDO and JILL M. ORLANDO,<br><br>              Defendants. | Civil Action No:<br><br>**COMPLAINT**<br>**(Jury Trial Demanded)** |

Plaintiff, DANA GONZALEZ, by and through her attorney, Seham, Seham, Meltz & Petersen, LLP, files this Complaint against Defendants PHIL A. ORLANDO and JILL M. ORLANDO, and states as follows:

**NATURE OF THE CASE**

1. Plaintiff alleges that pursuant to the Fair Labor Standards Act of 1938 (29 U.S.C. §§201-219) (hereinafter referred to as the "Act" or "FLSA"), she is entitled to recover from the Defendants: (1) unpaid minimum wages; (2) unpaid overtime; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

2. Plaintiff further alleges that pursuant to New York State Labor Law §§190 *et seq.*, §§ 650 *et seq.* ("NYLL"), and New York State Department of Labor Regulations, she is entitled to recover from Defendants: (1) unpaid minimum wages; (2) unpaid overtime; (3) liquidated damages; (4) prejudgment and post-judgment interest; and (5) attorneys' fees and costs.

3. Plaintiff further brings this action to recover from defendants $5,000.00 in damages for defendants' failure to provide wage statements or paystubs under New York State's Wage Theft Prevention Act and New York State's Department of Labor Regulations.

## PARTIES

4. Plaintiff is an individual who, at all material times referenced herein, resided and resides in the State of New York.

5. Plaintiff was employed by the Defendants PHIL A. ORLANDO and JILL M. ORLANDO from February 22, 2006 until April 24, 2017.

6. Plaintiff, at all material times referenced herein, was managed by Defendants PHIL A. ORLANDO and JILL M. ORLANDO.

7. Defendant PHIL A. ORLANDO is an individual who resides at 205 Townsend Avenue, Pelham Manor, NY 10803-3126.

8. Upon information and belief, Defendant JILL M. ORLANDO is an individual who currently resides at Halstead, 40 Memorial Highway, Apt. 34F, New Rochelle, NY 10801.

9. Upon information and belief, Defendants PHIL A. ORLANDO and JILL M. ORLANDO were at all relevant times herein in active control and management in relation to Plaintiff, and were thus employers of Plaintiff, within the meaning of section 203(d) of the Act.

## JURISDICTION AND VENUE

10. Jurisdiction is conferred on the Court by 28 U.S.C. §1337, giving the District Court original jurisdiction of "any civil action or proceeding arising under any Act of Congress regulating commerce," without regard to the citizenship of the parties or the sum or value in controversy, by 28 U.S.C. §1331 giving the District Court original jurisdiction of "all civil actions arising under the … laws … of the United States," and by section 16(b) of the Act (29 U.S.C. §216(b)).

11. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that the New York State law claims are so related to Plaintiffs' FLSA claims as to form the same case or controversy under Article III of the United States Constitution.

12. Venue in this Court is proper under 28 U.S.C. § 1391, because Defendants maintain their principal place of business in, do business in, and accordingly reside in, this District.

13. Venue in this Court is proper under 28 U.S.C. § 1391, because a substantial part of the events or omissions giving rise to the claims occurred within this District.

## FACTS

14. In 1974, Congress amended the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.*, to include within its coverage private domestic workers.

15. Congress explicitly found that the employment of persons in domestic service in households affects commerce. 29 U.S.C. § 202(a).

16. At all relevant times, each Defendant employed Plaintiff in domestic service in their household within the meaning of 29 U.S.C. § 202(a).

17. At all relevant times, each Defendant was an "employer" within the meaning of Section 190 of the NYLL.

18. At all relevant times, Plaintiff was an "employee" of the Defendants, within the meaning of 29 U.S.C. § 203(e)(1) and 29 U.S.C. § 202(a).

19. At all relevant times, Plaintiff was an "employee" of the Defendants, within the meaning of Section 190 of the NYLL.

20. At all times herein, upon information and belief, and during the course of Plaintiff's employment, the Defendants failed to compensate Plaintiff in accordance with the FLSA and the NYLL.

**Wage Violations**

21. Plaintiff was hired by and worked for Defendants from February 22, 2006 through April 24, 2017.

22. Plaintiff worked for Defendants from on or about October 2014 to April 2017 while Defendants resided at 205 Townsend Avenue, Pelham Manor, New York 10803.

23. Immediately prior to Defendants moving to 205 Townsend Avenue, Pelham Manor, New York 10803 on or about October 2014, Plaintiff worked for Defendants for about five or six years while Defendants resided at 84 Harmon Avenue, Pelham, New York 10803.

24. During the period from on or about July 14, 2014 to March 15, 2015, Plaintiff worked for the Defendants an average of 10.5 hours per day from Monday through Friday, or 52.5 hours per week on average.

25. From on or about July 14, 2014 to March 15, 2015, Plaintiff worked as a nanny for Defendants primarily caring for Defendants' three children, driving Defendants' children to their schools and to other locations for activities, etc., and in running errands for Defendants, including food shopping, making the beds, doing the laundry, cleaning the kitchen and cooking for Defendants and their children for which Plaintiff was compensated at a fixed rate of $830 per week, which translates to an hourly rate of about $14.10 and an overtime rate of about $21.15 (40 hours x $14.10/hour = $564) + (12.5 hours x $21.15/hour = $264.38) .

26. On or about the week of July 13, 2015 through July 17, 2015, Plaintiff received a $20 increase in her weekly pay from Defendants for which Plaintiff was to be compensated at a fixed rate of $850 per week, which translates to an hourly rate of about $14.45 and an overtime rate of $21.68 (40 hours x $14.45/hour = $578) + (12.5 hours x $21.68/hour = $271).

27. From about March 16, 2015 to April 24, 2017, Plaintiff continued working as a nanny for Defendants except that Plaintiff began working an additional two hours per day for Defendants, for an average of 62.5 hours per week, for which Plaintiff did not receive overtime pay for the additional ten hours of overtime per week.

28. Plaintiff did not work for Defendants during the following dates:
July 20, 2015 – September 20, 2015; August 22, 2016 – September 2, 2016; and January 12, 2017 – January 20, 2017.

29. During the period between March 16, 2015 to April 24, 2017, Plaintiff was not compensated by Defendants for her additional 10 hours per week of overtime wages in the aggregate approximate amount of $21,112.94 as follows:

March 16, 2015 – July 10, 2015 (10 hours /week x $21.15/hour x 17 weeks = $3,595.50);
July 13, 2015 – July 17, 2015 (10 hours /week x $21.68/hour x 1 week = $216.80);
Sept. 21, 2015 – Aug. 21, 2016 (10 hours /week x $21.68/hour x 48 weeks = $10,406.40);
Sept. 5, 2016 – Jan. 11, 2017 (10 hours /week x $21.68/hour x 18.6 weeks = $4,032.48);
Jan. 23, 2017 – April 24, 2017 (10 hours /week x $21.68/hour x 13.2 weeks = $2.861.76).

30. In addition, the Defendants failed to pay the Plaintiff approximately $7,650.00 for the following portions of her weekly $850 per week pay for her hourly and overtime rate of pay for the following weeks of work for her first 52.5 hours of work each week during those weeks, excluding the additional 10 hours per week of overtime set forth above in paragraph 27:

| | |
|---|---|
| May 23, 2016 – May 27, 2016 | $850.00; |
| May 30, 2016 – June 3, 2016 | $850.00; |
| June 13, 2016 – June 17, 2016 | $850.00; |
| June 20, 2016 – June 24, 2016 | $850.00; |
| June 27, 2016 – July 1, 2016 | $625.00; |
| July 4, 2016 – July 8, 2016 | $625.00; |
| July 25, 2016 – July 29, 2016 | $600.00; |
| Aug. 1, 2016 – Aug. 5, 2016 | $600.00; |
| Aug. 8, 2016 – Aug. 12, 2016 | $600.00; |
| April 10, 2017 – April 14, 2017 | $600.00; |
| April 24, 2017 – April 28, 2017 | $600.00. |

31. Defendants failed and refused to compensate Plaintiff for any of her additional work hours (10 hours of additional overtime per week as set forth above) in excess of forty (40) hours per week at rates not less than one and one-half (1.5) times the regular rates at which she was employed, as required by the FLSA, NYLL and supporting New York State Department of Labor Regulations.

32. Upon information and belief, Defendants knew of, and/or showed reckless disregard for, the practices by which the Plaintiff was not paid overtime pay.

33. Upon information and belief, Defendants knew that the nonpayment would economically injure the Plaintiff and that such nonpayment violated the FLSA, NYLL and New York State Department of Labor Regulations.

34. During the entire period of Plaintiff's employment, the Defendants engaged in willful violation of the overtime pay requirements of Plaintiff, in violation of the FLSA, NYLL and New York State Department of Labor Regulations.

35. Plaintiff is owed unpaid minimum wages and overtime pay totaling approximately $28,762.94, and Plaintiff is entitled to recovery of such amounts plus liquidated damages, prejudgment interest, costs, and reasonable attorneys' fees.

## FIRST CAUSE OF ACTION
**(FLSA Overtime and Minimum Wage Claims Against All Defendants)**

36. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 35 of this Complaint as if fully set forth herein.

37. During Plaintiff's employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' minimum wages due under the FLSA.

38. During Plaintiff's employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' overtime wages due under the FLSA.

39. The Defendants failure to pay overtime and minimum wage rates to Plaintiff constitutes a violation under the provisions of the FLSA as provided in 29 U.S.C. §§ 207, 216, as a result of which there is due and owing from the Defendants to Plaintiff approximately $28,762.94 in back wages plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff's reasonable attorney's fees.

40. Defendants' acts and/or omissions in failing, refusing or neglecting to pay Plaintiff's minimum wages and overtime compensation were not made in good faith. Defendants are therefore required to pay Plaintiff 100% liquidated damages. 29 U.S.C. § 216(b).

41. As a consequence of Defendants' willful violation of Plaintiff's rights under the FLSA, Plaintiff is entitled to recover from Defendants, jointly and severally, her unpaid minimum wages and her unpaid overtime wages for work actually performed, an additional equal amount in liquidated damages, costs, and reasonable attorneys' fees pursuant to FLSA § 16(b), 29 U.S.C. § 216(b).

42. Plaintiff is entitled to recover on her FLSA overtime claims an amount to be determined at trial or by the Court, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

## SECOND CAUSE OF ACTION
**(NYLL Overtime and Minimum Wage Claims Against All Defendants)**

43. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 42 of this Complaint as if fully set forth herein.

44. During Plaintiff's employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' minimum wages due under the NYLL.

45. During Plaintiff's employment with the Defendants, the Defendants willfully failed to pay Plaintiffs' overtime wages due under the NYLL.

46. The Defendants failure to pay overtime and minimum wage rates to Plaintiff constitutes a violation under the provisions of the NYLL, as a result of which there is due and owing from the Defendants to Plaintiff approximately $28,762.94 in back wages plus an additional equal amount as liquidated damages. An additional sum, to be determined, is due and owing from the Defendants for Plaintiff's reasonable attorney's fees.

47.     At all times relevant to this cause of action, Defendants employed Plaintiff within the meaning of the NYLL and supporting New York State Department of Labor Regulations.

48.     Plaintiff regularly performed work for the Defendants in excess of forty (40) hours per week.

49.     Defendants failed, refused and/or neglected to pay Plaintiff overtime compensation for her work hours in excess of forty (40) hours per week at rates not less than one and one-half (1.5) times the regular rates at which she was employed, as required by the NYLL and the supporting New York State Department of Labor Regulations.

50.     As a consequence of Defendants' violation of Plaintiff's rights under the NYLL and supporting New York State Department of Labor Regulations, Plaintiff is entitled to recover from Defendants, jointly and severally, the following:  (a) unpaid minimum wages; (b) unpaid overtime wages calculated at the rate of not less than one and one-half (1.5) times the regular rate for all hours worked over forty (40) hours per week; (c) an additional amount as liquidated damages equal to one hundred percent (100%) of the total amount of unpaid minimum and overtime wages, pursuant to NYLL § 198(1-a); (d) prejudgment interest as required under the New York Civil Practice Law and Rules; and (e) reasonable attorneys' fees, costs and disbursements incurred in this action.

51.     Plaintiff is entitled to recover on their NYLL overtime claims an amount to be determined at trial or by the Court, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action.

## THIRD CAUSE OF ACTION
### (Plaintiff's State Wage Theft Prevention Act Claim)

52. Plaintiff repeats and re-alleges each and every allegation contained in Paragraphs 1 through 51 of this Complaint as if fully set forth herein.

53. During the period of Plaintiff's employment, the Defendants willfully failed to provide Plaintiff with a wage statement with each payment of wages containing the details required by the State of New York's Wage Theft Prevention Act.

54. The Defendants' failure to provide Plaintiff with a wage statement with each payment of wages containing the details required by the State of New York's Wage Theft Prevention Act constitutes a violation of said Act, as a result of which there is due and owing from the Defendants to Plaintiff, as damages up to $5,000 ($250 per week), plus an additional sum, to be determined, is due and owing from the Defendants for Plaintiff's costs and reasonable attorney's fees.

## RELIEF DEMANDED

WHEREFORE, cause having been shown, Plaintiff prays for judgment jointly and severally against Defendants as follows:

55. On the First Cause of Action (FLSA overtime and minimum wages), damages in the amount of $28,762.94, or in an amount to be determined at trial or by the Court, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action;

56. On the Second Cause of Action (NYLL overtime and minimum wages), damages in the amount of $28,762.94, or in an amount to be determined at trial or by the

Court, plus an additional equal amount as liquidated damages, prejudgment interest, post-judgment interest, and reasonable attorneys' fees, costs and disbursements incurred in this action;

57. On the Third Cause of Action (Plaintiff's State Wage Theft Prevention Act Claim), damages to be awarded to Plaintiff, pursuant to the State of New York's Wage Theft Prevention Act, in the amount of $5,000 for failing to provide Plaintiff with a wage statement with each payment of wages and for an additional amount in costs and attorneys' fees, and

58. Granting such additional relief as the Court deems proper and just.

## JURY TRIAL DEMAND

Pursuant to Fed. R. Civ. P. 38, Plaintiff hereby demand a trial by jury as to all claims to which she is entitled.

Dated:  December 1, 2017

                                                 /s/George Diamantopoulos
                                                 George Diamantopoulos

                                                 Seham, Seham, Meltz & Petersen, LLP
                                                 199 Main Street, 7th Floor
                                                 White Plains, New York 10601
                                                 Tel: (914) 997-1346
                                                 Fax: (914) 997-7125

                                                 *Attorneys for Plaintiff*