# EXHIBIT E



# Seham, Seham, Meltz & Petersen, LLP

Attorneys At Law
199 Main Street, 7th Floor
White Plains, NY 10601
Tel: (914) 997-1346 · Fax: (914) 997-7125
www.ssmplaw.com · email: ssmplaw@ssmplaw.com

---

October 18, 2017

Mr. Phil A. Orlando
205 Townsend Ave.
Pelham Manor, NY 10803-3126

Ms. Jill M. Orlando
Halstead Apt. 34F
40 Memorial Highway
New Rochelle, NY 10801

Re: Dana Gonzalez

Dear Mr. and Mrs. Orlando:

Our firm, which practices principally in the area of labor and employment law, has been retained by Ms. Dana Gonzalez to initiate litigation against you individually, for Ms. Gonzalez's claims of failure to pay her regular hourly wages and overtime wages while working for you. Ms. Gonzalez asserts claims conservatively estimated at $27,890.55 in unpaid wages, plus an additional sum in liquidated damages, for a total of $55,781.10, plus an additional $5,000 for violation of a New York State Labor Law wage payment practice resulting in an overall total of $60,781.10.

In the absence of a satisfactory settlement, our firm has been authorized to file a lawsuit in the United States District Court for the Southern District of New York to recover overtime wages and back pay due to her under Section 216(b) of the Fair Labor Standards Act of 1938 (29 U.S.C. §§ 201-219) ("FLSA" or the "Act"), and New York Labor §§ 190 et seq. Upon review of this letter, we respectfully request that you consider making an appropriate settlement offer. As discussed in greater detail below, a prevailing plaintiff under the above-referenced statute is entitled to have the defendant-employer pay her attorney's fees. We have handled cases where an employer's final liability for attorney's fees exceeded its liability for back wages by as much as a factor of four.

Overtime Wages

Ms. Gonzalez advises us that she was originally hired by you on February 22, 2006 to work as a nanny at your home, most recently at 205 Townsend Ave. in Pelham Manor, NY, and she worked there until April 24, 2017. Her work consisted primarily of caring for your three children, driving your children to their schools and to other locations and in running errands for your family, including food shopping, making the beds, doing the laundry, cleaning the kitchen

1

Seham, Seham, Meltz & Petersen, LLP

and cooking for your family. From about July 14, 2014 until March 15, 2015, Ms. Gonzalez worked an average of 52.5 hours per week (10.5 hour per day) from Monday through Friday, inclusive. Ms. Gonzalez was paid $830 per week, which translates roughly to an hourly rate of about $14.10 and an overtime rate of $21.15 (40 hrs. x $14.10/hr. = $564) + (12.5 hrs. x $21.15/hr. = $264.38).

From about March 16, 2015 until April 24, 2017, Ms. Gonzalez worked an additional two hours per day for you, or an average of 62.5 hours per week. During this time, Ms. Gonzalez did not receive one and one-half times her regular pay for the overtime hours she worked each week. After deducting the approximately 11.5 weeks in which Ms. Gonzalez did not work (July 20, 2015-September 21, 2015; August 22, 2016- September 2, 2016 and January 12, 2017- January 20, 2017), Ms. Gonzalez is owed overtime pay for this period in the approximate amount of $20,240.55 (10 hrs./week x $21.15 x 95.7 weeks).

In addition, since April 11, 2016, Ms. Gonzalez did not receive approximately $7,650 in straight time hourly wages.

Accordingly, Ms. Gonzalez is owed approximately $27,890.55 in total regular and overtime wages.

The Fair Labor Standards Act (the "FLSA") requires that covered employers pay both a minimum wage for all straight time hours and **one and one-half times the regular rate of pay for all hours worked in excess of forty** hours in one week. 29 U.S.C. § 207. The FLSA allows an individual employee to initiate a lawsuit in federal court to recover such unpaid wages. 29 U.S.C. § 255.

The FLSA provides that, once the amount of overtime wages and back pay is determined, the employee is also entitled to "**an additional equal amount as liquidated damages.**" 29 U.S.C. § 216. In other words, any damages owed to Ms. Gonzalez would be doubled by the court.

If litigation is required, the court is commanded by the statute to "allow a reasonable **attorney's fee** to be paid by the defendant, and costs of the action." In short, you would be liable for our legal bill.

Finally, the Act also provides for the **individual liability of management officials** who were responsible supervisors. Thus, any court action by the above-referenced individual would also be directed against you, individually. Consequently, you will not be able to hide behind the "shield" of any corporate entity.

Ms. Gonzalez's federal action under the FLSA would be combined with a pendent action under New York State law, which would permit her to recover unpaid wages for the above referenced period of her employment with you.

We consider this to be a strong case. Ms. Gonzalez has provided us with substantial evidence, and identified numerous witnesses, who will corroborate her work schedule.

Seham, Seham, Meltz & Petersen, LLP

In addition, it appears that you have violated state wage payment practices, including, but not limited to, N.Y. Lab. Law § 195(3) which results in additional damages owed to Ms. Gonzalez for the referenced time periods above in the amount of $5,000, exclusive of any attorneys' fees and costs.

Notwithstanding the strength of her case, Ms. Gonzalez has advised us that she is willing to accept what we consider to be a reasonable settlement that would not account for the additional costs and attorneys' fees that would be awarded through the litigation process. Therefore, we now offer to settle Ms. Gonzalez's claims for $60,781.10. This offer shall remain open until October 31, 2017, at which time our firm will commence legal preparations and hold you each personally liable for these additional costs.

If you wish to have additional time to discuss settlement, without the risk of increasing liability for attorney's fees, we will require both of you to execute a tolling agreement whereby you agree that the further passage of time will not erode Ms. Gonzalez's claim.

Sincerely,

*George Diamantopoulos*

George Diamantopoulos

cc: Ms. Dana Gonzalez